UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Rachelle Stephani<br><br>        Plaintiff,<br>v.<br><br>Integrity Financial Partners, Inc.<br>Antonio Savedra<br><br>        Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal privacy by these Defendants in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Rachelle Stephani is a natural person who resides in the City of Belgrade, County of Stearns, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Integrity Financial Partners, Inc. (hereinafter "Defendant Integrity") is a foreign corporation and a collection agency operating from an address of 4370 W. 10th Street, Suite

100, in the City of Overland, State of Kansas, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Antonio Savedra (hereinafter "Defendant Savedra") is a natural person employed by Defendant Integrity as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. On or before July 2009, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, that went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an credit card account with Chase Credit Card in the approximate amount of $7,069.08, which was used by Plaintiff to make personal purchases of food, clothing, and shelter-related items.

8. Sometime in or around July 2009, the Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff, when thereafter Plaintiff started receiving collection communications from Defendants in an attempt to collect this debt.

### *Harassing Communications at Work*

9. On or about the beginning of July 2009, Plaintiff began receiving calls at her place of employment from Defendant Integrity in its attempts to collect Plaintiff's debt to Chase.

10. During the initial call from Defendants, Plaintiff explained that she was currently unable to afford to make payments on the debt.

11. After this initial conversation, Defendants began regularly contacting Plaintiff at her place of employment in an attempt to collect the debt.

12. In response to these repeated calls from Defendants, Plaintiff informed them that it was inconvenient for her to talk with them at work and that her employer doesn't permit her to take such calls at work.

13. Despite Plaintiff informing Defendants that she was not to be contacted at work, Defendants continued to regularly attempt to contact her at work.

14. Upon information and belief, in or about July 2009, during one of these repeated attempts to contact Plaintiff at her place of employment, Defendants were informed by Cassie Alfs that Plaintiff was not permitted to take personal calls at work at and to stop contacting her.

15. Despite numerous requests to cease contacting her at work, Defendants have continued to do so regularly.

16. If at the time Defendants called Plaintiff wasn't available to take the call, Defendants regularly requested to leave a message for Plaintiff.

17. Defendants generally left a message identifying themselves, and stating that they are calling from Integrity Financial and requesting that Plaintiff contact them at 866-951-8056.

18. Upon information and belief, Defendants obtained Plaintiff's supervisor Stephen Cain's direct phone number and began calling Mr. Cain in order to talk with Plaintiff.

19. After Defendants had made repeated calls to Plaintiff's workplace, Defendants were informed by Ms. Alfs that it was inconvenient and interfering with Plaintiffs work and requested that Defendants stop contacting Plaintiff at work,

20. The calls from Defendants would generally result in Mr. Cain coming to Plaintiff and informing her that she had a call from "Antonio" in his office. This required her to answer the call in Cain's office and explain to Mr. Cain and other employees who Antonio was.

21. These calls have caused Plaintiff significant embarrassment.

22. On or about August 19, 2009, Defendants again attempted to contact Plaintiff by contacting Mr. Cain and leaving a message, requesting Plaintiff to contact them.

23. On or about August 25, 2009, Plaintiff was answering the main phone line at work, when Defendant Savedra called.

24. After Plaintiff answered the phone, Defendant Savedra asked, "Is this Raychelle?"

25. Because Defendant mispronounced her name, Plaintiff asked, "Who is this?" and Defendant Savedra identified himself as "Antonio."

26. Plaintiff didn't immediately recognize who Antonio was and asked, "Who?" To which Defendant Savedra replied. "Antonio from Integrity Financial."

27. When Plaintiff stated that Defendant was calling her at work and that she had repeatedly asked them not to contact her at work, Antonio replied, "Then I need a number for Human Resources, as they will be my next call."

28. When Plaintiff asked why he was intending to call human resources, Savedra stated "I can't say, but I will leave my number for Raychelle and maybe I can still help her out."

29. On or about August 26, 2009, Defendant Savedra again attempted to contact Plaintiff by calling Mr. Cain's direct line.

30. In response to Savedra's call, Mr. Cain called Plaintiff and informed her that she had a call in his office.

31. By the time Plaintiff got to Cain's office, Savedra had hung up. When Plaintiff asked who it was, Cain informed her it was "the guy who called the other day," referring to Defendant Savedra.

32. These calls from Defendants Integrity and Savedra to Plaintiff were a collection communications in violation of numerous and multiple provisions of the FDCPA, including

but not limited to 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(a)(1), 1692c(a)(3), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), 1692e(11) and 1692f, amongst others.

### *Summary*

33. The above-detailed conduct by Defendants, of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion.

34. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### **TRIAL BY JURY**

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

### **CAUSES OF ACTION**

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

### **15 U.S.C. § 1692 et seq.**

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

38. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 30, 2009 | **BARRY & SLADE, LLC** |
|  | By: **s/Nicholas P. Slade**<br>Nicholas P. Slade, Esq.<br>Attorney I.D.#0270787<br>2021 East Hennepin Avenue, Suite 195<br>Minneapolis, Minnesota 55413-2700<br>Telephone: (612) 379-8800<br>Facsimile: (612) 379-8810<br>nslade@lawpoint.com |
|  | **Attorney for Plaintiff** |

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA        )
                          ) ss
COUNTY OF RAMSEY          )

Plaintiff Rachelle Stephani, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

                                                _s/Rachelle Stephani_____
                                                Rachelle Stephani

Subscribed and sworn to before me
this _1st_ day of _September_, 2009.


__s/Garret James Huan_____
Notary Public

GARRET JAMES HUAN
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2012